**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOKHIR KHAMIDOV,<br>Petitioner,<br>v.<br>TODD BLANCHE, et al.,<br>Respondents. | NO. EDCV 26-6612-AS<br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

On November 6, 2026, Tokhir Khamidov ("Petitioner"), an immigration detainee proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against: United States Attorney General Todd Blanche; Markwayne Mullin, Secretary of the United States Department of Homeland Security ("DHS"); David J. Venturella, Acting Director of United States Immigration and Customs Enforcement ("ICE"); Thomas Giles, Los Angeles ICE Field Office Director; the Facility Administrator of the Desert View Annex in

Adelanto, California, and DHS (collectively "Respondents"). (Docket ("Dkt.") No. 1). Petitioner alleges he is being detained in violation of due process, the Administrative Procedures Act and the Immigration and Nationality Act ("INA"). (Petition, ¶¶ 81-98). Petitioner seeks, among other things, his immediate release from custody. (Petition at 20).

On November 6, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule ("Notice") requiring Respondents to file a Notice of Appearance within three calendar days and an Answer within seven days of the date of the Notice. (Dkt. No. 4). The Notice also provides that Petitioner can file a Reply within three days after Respondents file an Answer and that "[i]f any of these deadlines fall on a weekend, holiday, or day the court is closed, the deadline shall be the next business day on which the court is open." (Id.). Despite the Notice, Respondents have not timely filed a Notice of Appearance or an Answer. Therefore, the Petition is unopposed.

The parties have consented to proceed before the undersigned Magistrate Judge in this matter. (See Dkt. Nos. 2, 5). For the reasons discussed below, the Petition is GRANTED and Petitioner is ordered immediately released from custody.

## II.

## BACKGROUND

Petitioner is a native and citizen of Uzbekistan who arrived at the southern border of the United States on January 7, 2023 to request

asylum. (Petition, ¶¶ 2, 39). That same day, immigration officials briefly detained him before releasing him into the United States on his own recognizance. (Petition, ¶¶ 2, 39 & Dkt. 1-3). Since that time, Petitioner has received employment authorization and lived in the United States as "a productive and valuable member of [the] community" without any negative interactions with law enforcement. (Petition, ¶¶ 4, 45-46; Dkt. No. 1-5). Petitioner attended all his check-in appointments with ICE and complied with all the requirements and responsibilities of his release. (Petition, ¶¶ 42, 46, 67).

In February 2023, DHS served Petitioner with a Notice to Appear, charging him with removability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled, and under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who is not in possession of a valid unexpired visa and passport, or other required entry or travel documentation, at the time of application for admission. (Petition, ¶ 41; Dkt. No. 1-4).

On August 28, 2026, an Immigration Judge denied Petitioner's request for asylum. (Petition, ¶ 43). On September 23, 2026, Petitioner appealed that decision. (Id.).

On October 22, 2026, DHS detained Petitioner at a scheduled check-in without notice or a pre-detention hearing. (Petition, ¶¶ 3, 44, 62, 80, 95). Petitioner remains in ICE custody at the Desert View Facility in Adelanto, California. (Petition, ¶¶ 7, 19, 21).

## III.

## DISCUSSION

Respondents' non-opposition is effectively a concession that the relief requested in the Petition should be granted. See, e.g., Espinales Martinez v. Mullin, 2026 WL 2608947, *1 (C.D. Cal. 2026) ("Respondents' failure to oppose Petitioner's due process claim is a concession."); Maltez Reyes v. Janecka, 2026 WL 2291234, *2 (C.D. Cal. 2026) ("As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondents' failure to oppose the primary relief sought."); Li v. Warden of Adelanto ICE Processing Ctr., 2026 WL 1999293, *2 (C.D. Cal. 2026) ("Respondents' choice to not oppose Petitioner's due process claims . . . is in effect a concession that the Petition should be granted."); Guadran v. Mullin, 2026 WL 1182198, *1 (C.D. Cal. 2026) ("Respondents' non-opposition itself is a basis to grant the Petition."); Rojas v. Mullin, 2026 WL 1105039, *1 (C.D. Cal. 2026) ("[T]he court construes respondents' failure to address petitioner's due process claim as a concession."); Soleimani v. Larose, 2025 WL 3268412, *3 (S.D. Cal. 2025) ("By failing to respond to the claims . . . asserted, Respondents have conceded the claims.").

Moreover, the Court has previously found that individuals similarly situated to Petitioner were entitled to immediate release from custody because they were re-detained without due process of law. See, e.g., Andres v. Semaia, 2026 WL 2415508 (C.D. Cal. 2026); Gallosa-Zapata v. Warden, Adelanto ICE Processing Ctr., 2026 WL 2410945 (C.D. Cal. 2026); Rivera Castaño v. Blanche, 2026 WL 1915720 (C.D. Cal. 2026). Given

Respondents' lack of opposition to the Petition and for the reasons set forth in Andres, Rivera Castaño, and Gallosa-Zapata, and the relevant cases cited in those opinions, the Petition is granted.

## IV.

## ORDER

Accordingly, in light of Respondents' non-opposition, and for the reasons discussed herein, the Petition (Dkt. No. 1) is **GRANTED**. Respondents shall immediately release Petitioner (A# 246-841-841) from immigration custody subject to the conditions of Petitioner's most recent order of supervision, if any, and without the imposition of any new or further restraints. Respondents are also enjoined from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

Additionally, the Court ORDERS that Respondents shall file a declaration by no later than 5:00 p.m. on November 24, 2026, confirming Petitioner has been released from custody. IT IS SO ORDERED.

DATED: November 20, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE